**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Dennis and Carol Heyde,

Plaintiffs,

v.

George and Linda Oh and Ty Rice,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-2098 ADM/AJB

---

Jerome A. Miranowski, Esq. and Rikke Dierssen-Morice, Oppenheimer Wolff & Donnelly, Minneapolis, MN, appeared for and on behalf of the Plaintiffs.

Marc D. Simpson, Esq. and Richard W. Pins, Esq., Leonard, Street & Deinard, Minneapolis, MN, appeared for and on behalf of the Defendants George and Linda Oh.

---

## I. INTRODUCTION

On December 6, 2000, this matter came on for hearing before the undersigned United States District Court Judge pursuant to Plaintiffs' Motion to Remand [Doc. No. 4], Defendants' Motion for Leave to Amend Notice of Removal [Doc. No. 12], and Defendants' Motion to Compel Arbitration and Stay Litigation [Doc. No. 19]. For the reasons set forth below, Plaintiffs' motion is denied and Defendants' motions are granted.

## II. BACKGROUND

### A. Parties

Plaintiffs are Dennis and Carol Heyde ("the Heydes"), citizens of Wisconsin. Defendants Linda and George Oh ("the Ohs") are citizens of Washington. Defendant Ty Rice ("Rice") owns a Hotel brokerage service, Hotel Brokerage Services, Co., in Seattle, Washington.

FILED JAN 23 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**B. Facts**

On July 29, 1998, the Ohs agreed to sell the Heydes the Best Western Canterbury Inn ("the Hotel"), a hotel in Shakopee, MN. The Heydes purchased the Hotel from the Ohs for $7,950,000. Miranowski Aff. Ex. A. Rice and his company assisted the Ohs in the sale of the Hotel. The sale was effectuated by the execution of a purchase agreement ("Agreement"). *Id.* While signed by the Heydes and Ohs, it was not signed by Rice. *Id.* The Agreement, in a section titled "Governing Law," states that "[th]e parties agree that Minnesota Law will govern the Contract. The parties further agree to submit any dispute to arbitration according to the rules of the American Arbitration Association and venue for any dispute will be Scott County, Minnesota." *Id.* ¶ 22.

Nearly two years later, the Heydes filed suit against the Ohs and Rice in Minnesota state court alleging fraud, fraudulent inducement, and breach of contract claims relating to the sale of the Hotel. Plaintiffs have to date been unable to locate Rice for service of process of this lawsuit. On August 8, 2000, the Ohs removed the entire case to federal court based upon diversity jurisdiction. Rice, remaining unserved, did not consent to the removal. [Doc. No. 1].

**III. ANALYSIS**

The three motions before the Court cover two basic issues. First, whether the case has been properly removed to federal court. Second, if this Court has jurisdiction, whether litigation against the Ohs should be stayed in favor of compelled arbitration.

**A. Removal**

The Heydes contest removal of the case from Minnesota state court. Their motion is based upon two assertions: (1) that the Ohs' Notice of Removal is defective because it failed to

allege Rice joined in the removal petition and (2) that even if removal was proper, the Agreement contains a valid forum selection clause naming state court in Scott County as the venue for any legal action regarding the sale of the Hotel. In response, the Ohs aver that their Notice of Removal contains a mere technical defect that may be cured by amending it to address the absence of Rice. The Ohs also assert that the Agreement's venue clause addresses the site for any arbitration and is inapplicable to litigation venue.

1. Notice of Removal - Omission of Rice

A defendant has thirty days from the initiation of the suit to initiate its notice of removal. 28 U.S.C. § 1446(b). Generally, all defendants must consent to a removal petition to effect proper removal. *Bradley v. Maryland Cas. Co.*, 382 F.2d 415, 419 (8th Cir. 1967); *Getty Oil Corp. v. Insurance Co. of North Am.*, 841 F.2d 1254, 1263 (5th Cir. 1988); 28 U.S.C. § 1441. There is an exception to the unanimous consent rule, however. A removal petition need not have the consent of a co-defendant who had not been served when the removal petition was filed. *Jones v. Kremer*, 28 F.Supp.2d 1112, 1113 (D. Minn. 1998); *Casey's General Stores, Inc. v. Cotton Const.*, CIV. No. 5-95-154, 1995 WL 692979, at *3 (D. Minn. 1995); *Spillers v. Tillman*, 959 F.Supp. 364, 369 (S.D. Miss. 1997). The Heydes argue that the Ohs cannot take advantage of the non-served defendant exception because the Ohs' Notice of Removal did not specifically state that Rice had not been served. Furthermore, they aver that because the 30-day period has lapsed the Ohs cannot rectify the omission by amending their Notice of Removal.

These positions are contrary to caselaw in this district. Although the Eighth Circuit has not ruled on the issue, in *Casey's General Stores, Inc. v. Cotton Construction*, the failure to state in a notice of removal that a non-consenting co-defendant has not been served was found to be a

technical defect not fatal to removal. 1995 WL 692979, at *3; *accord Jones*, 28 F.Supp.2d at 1113. While courts do not grant leave to remedy "substantial defects" in removal outside the 30-day period, courts freely allow defendants leave to fix "technical defects," such as not specifically stating that a co-defendant has not been served. *Jones*, 28 F.Supp.2d at 1113. Accordingly, the Ohs' Motion to Amend is granted. The Ohs' Amended Notice of Removal [Doc. No. 10] may be filed and becomes of record in this suit.

2. Forum Selection Clause

Both parties agree that the only evidence relevant to whether the Agreement contains a forum selection clause is the following paragraph in the Agreement: "The parties agree that Minnesota Law will govern the Contract. The parties further agree to submit any dispute to arbitration according to the rules of the American Arbitration Association and venue for any dispute will be Scott County, Minnesota." Miranowski Aff. Ex. A ¶ 22.

Contrary to the Heydes' suggestion, this is not a litigation forum selection clause. The parties agree that "any dispute" be sent to arbitration. *Id.* This means that *all* disputes arising out of the relationship must be arbitrated. This plain fact cannot be squared with the Heydes' assertion that the very same sentence also serves as a litigation forum selection clause. It makes no sense for the Agreement to determine, let alone contemplate, where litigation must take place in the same sentence where it states that the claims cannot be litigated. Accordingly, the sentence specifies that the arbitration of any dispute must take place in Scott County, the locality of the Hotel. This Court is an appropriate venue for the litigation of a dispute arising out of Scott County, Minnesota. The Heydes' Motion to Remand is denied; this Court has jurisdiction over the present suit.

**B. Arbitration**

The Ohs have filed a Motion to Compel Arbitration and Stay Litigation pursuant to the Agreement's statement that the "parties further agree to submit any dispute to arbitration according to the rules of the American Arbitration Association." Miranowski Aff. Ex. A ¶ 22. The Heydes challenge the motion on the ground that their claims will be split into different forums because Rice is not a party to the Agreement's arbitration provisions.

1. Sweep of the Federal Arbitration Act

The Federal Arbitration Act ("FAA") states that:

> [a] written provision in any. . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The Heydes' claim that the FAA does not apply to the Agreement because the contract for the sale of the Hotel does not involve interstate commerce.

Generally, courts apply the FAA to a wide range of contracts. The Supreme Court has held that the FAA's requirement that the FAA be applied to any contract involving interstate commerce extends to the limits of Congress' general commerce clause power. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 277. A contract that "affects" interstate commerce is within the ambit of the FAA. *Id.* at 273-74. The contract at issue here *is* interstate commerce. The parties, citizens of two different states, contracted to sell a commercial property in a third

state. Compl. ¶¶ 1, 2. Furthermore, the subject of the sale, the Hotel, is involved in interstate commerce. Regardless of whether state law governs the transaction generally, federal law controls the arbitrability of disputes arising from a contract that involves interstate commerce. *Lee v. Chica*, 983 F.2d 883, 886 (8th Cir. 1993). Accordingly, the Agreement falls under the purview and protection of the FAA.

2. Effect of FAA on Agreement

Because the contract at issue falls under the FAA's protection, it is "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The Agreement states that parties "agree to submit any dispute to arbitration according to the rules of the American Arbitration Association." Miranowski Aff. Ex. A ¶ 22. The Heydes argue that sending their claims against the Ohs to arbitration while the claims against Rice remain in litigation will result in a waste of judicial resources and the possibility of inconsistent outcomes.

These assertions, even if true, do not bar compelled arbitration as between the Heydes and Ohs. The Supreme Court has held that "[u]nder the Arbitration Act, an arbitration agreement must be enforced notwithstanding the presence of other persons who are parties to the underlying dispute but not to the arbitration agreement." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983); *accord Cosmotek Mumellillik ve Ticaret Ltd. Sirkketi v. Cosmotek USA, Inc.*, 942 F.Supp. 757, 759 (D. Conn. 1996); *cf. C. Itoh & Co. v. Jordan Int'l Co.*, 552 F.2d 1228, 1231 (7th Cir. 1977) ("a party cannot, by suing a third party not subject to arbitration, avoid its contractual obligation to arbitrate with another party"); *Acevedo Maldonado v. PPG Indust., Inc.*, 514 F.2d 614, 617 (1st Cir. 1975) ("If a claim of right to arbitration could be

foreclosed whenever a dispute between the parties to the contract derives from another person's claim against one of the parties, the utility of broad arbitration agreements would be undermined."). Thus, the Ohs' Motion to Compel Arbitration and Stay Litigation is granted.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion to Amend [Doc. No. 12] is **GRANTED**. Defendants' Proposed Amended Notice of Removal [Doc. No. 10] is **ACCEPTED**.
2. Plaintiffs' Motion to Remand [Doc. No. 4] is **DENIED**.
3. Defendants' Motion to Compel Arbitration and Stay Litigation [Doc. No. 19], is **GRANTED** as to claims against Defendants George and Linda Oh. Plaintiffs' claim against Ty Rice is unaffected by the Motion to Compel Arbitration.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Dated: January 23, 2001